UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NILKA A. BELTRAN,

    Plaintiff,

v.    Case No: 6:18-cv-559-Orl-40TBS

RAS LAVRAR, LLC,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant RAS LaVRAR, LLC's Motion to Dismiss (Doc. 9 ("**Motion**")), filed May 7, 2019. Plaintiff Nilka A. Beltran opposes (Doc. 10). With briefing complete, the matter is now ripe. Upon review, the motion is due to be granted in part and denied in part.

**I.    BACKGROUND**

This action arises from a debt collector's conduct in seeking remittance. While living in Kissimmee, Florida, Plaintiff Nilka A. Beltran opened a credit card account with Capital One Bank (USA), N.A. ("**Capital One**"). (Doc. 1, ¶ 1). Plaintiff defaulted on the credit card agreement, leading Capital One to file suit against Plaintiff in Lake County, Florida. (Doc. 9, p. 7).[1] On July 2, 2013, a default final judgment was entered against

---

[1] Although the Complaint alleges that Defendant RAS LaVRAR, LLC, initiated the Lake County, Florida, lawsuit against Plaintiff (Doc. 1, ¶ 12), the Court is not bound to accept that allegation. At the motion to dismiss stage, the Court may consider documents outside the complaint that are "(1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Defendant attached to its Motion a state-court filing (a return of service) that meets these requirements. (Doc. 9, p. 7). Indeed, Plaintiff acknowledges the record cited in the Motion meets this definition. (Doc. 10, p. 3). And because the proffered filing contradicts the Complaint, the exhibit

Plaintiff for $3,317.14. (Doc. 1, ¶ 13). Capital One retained Defendant to initiate a garnishment proceeding to collect the judgment against Plaintiff. It is this garnishment proceeding that gives rise to Plaintiff's claims.

After the default judgment was entered but before the garnishment proceeding began, Plaintiff entered into a second credit card agreement with Capital One. (*Id.* ¶ 15). Plaintiff's stated name on the second agreement is "Nilka A. Beltran Rivera;" her address is 167 Whisper Wood Court, Kissimmee, Florida, 34743-7810 ("**Kissimmee Address**").[2] (Doc. 1-1). Because of the second credit card agreement, the Complaint alleges that Plaintiff's last known address to Capital One as of March 2018 was the Kissimmee Address. (*Id.* ¶ 17). However, on March 30, 2018, Defendant mailed several court documents and notices connected to Defendant's debt collection activities[3] to Plaintiff at an address other than the Kissimmee Address. (*Id.* ¶ 18). Thereafter, Defendant represented in the garnishment proceeding that Plaintiff's last known address was 2141 Blackhawk Street, Clermont, Florida, 34714-8077. ("**Clermont Address**"). (*Id.* ¶ 19).

Plaintiff thereafter filed a two-count Complaint against Defendant RAS on April 11, 2018. (Doc. 1). Both Counts assert claims for violation of the Fair Debt Collection Practices Act ("**FDCPA**"), 15 U.S.C. §§ 1692 *et seq.* Defendant moves to dismiss the Complaint for failure to state a plausible claim. (Doc. 9).

---

    governs. *See Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009) ("[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." (quoting *Griffin Indus. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007))).

[2]   Kissimmee is located in Osceola County, Florida. (Doc. 1, ¶ 11).

[3]   Defendant mailed Plaintiff a motion for writ of garnishment, writ of garnishment, and claim of exemption and request for hearing. (Doc. 1, ¶ 18).

## II. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). Thus, in order to survive a motion to dismiss made pursuant to Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Though a complaint need not contain detailed factual allegations, mere legal conclusions or recitation of the elements of a claim are not enough. *Twombly*, 550 U.S. at 555. Moreover, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts must also view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994) (per curiam). In sum, courts must (1) ignore conclusory allegations, bald legal assertions, and formulaic recitations of the elements of a claim; (2) accept well-pled factual allegations as true; and (3) view well-pled allegations in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 679.

## III. DISCUSSION

To state an FDCPA claim, a plaintiff must allege three elements: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *See Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002) (internal quotation marks omitted). Defendant moves to dismiss on the ground that the Complaint fails to allege that its actions were prohibited by the FDCPA. (Doc. 9).

### A. Count I: Violation of 15 U.S.C. § 1692i(a)(2)

The FDCPA prescribes two permissible venues in which debt collectors may "bring [] legal action on a debt *against any consumer*:" the judicial district "(A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a)(2) (emphasis added). Count I avers that Defendant violated this FDCPA provision by "filing [the] garnishment action in Lake County," as opposed to Osceola County. (Doc. 1, ¶¶ 21–28). Defendant moves to dismiss, asserting that its garnishment activities do not constitute legal action "against any consumer," thus the § 1692i(a)(2) venue provision does not apply.

The U.S. Eleventh Circuit Court of Appeals recently addressed the issue, holding that § 1692i(a)(2) did not apply to post-judgment garnishment proceedings in Georgia. *Ray v. McCullough Payne & Haan, LLC*, 838 F.3d 1107, 1111 (11th Cir. 2016). The court reasoned that § 1692i(a) applies only to legal actions "against any consumer," and in Georgia, garnishment proceedings do not involve a consumer—rather, "[a] garnishment

proceeding is an action between the plaintiff [judgment-creditor] and garnishee." *Id.* (quoting Ga. Code § 18–4–15(a)).

A Florida garnishment proceeding, as in Georgia, is not a legal action against a consumer. The Florida garnishment process "requires the garnishee (not the consumer) to file an answer," Fla. Stat. § 77.04, and otherwise envisions proceedings between a judgment-creditor plaintiff and a garnishee defendant, with a consumer involved only secondarily. *See, e.g.*, Fla. Stat. §§ 77.06 ("Service of the writ shall make *garnishee* liable [to the plaintiff] for all debts due by him or her to [the debtor] . . . ."), 77.041, 77.07; *see also Ray*, 838 F.3d at 1111 ("[T]he action is fundamentally an action against the garnishee, not the consumer."). Because the FDCPA's venue provision does not apply to Florida garnishment proceedings,[4] Count I is due to be dismissed for failure to state a claim. Leave to amend this claim is not necessary as amendment would be futile. *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005).

### B. Count II: Violation of 15 U.S.C. § 1692e(10)

Section 1692e proscribes debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The statute then provides a non-exhaustive list of conduct violative of

---

[4] The Court is unmoved by Plaintiff's arguments to the contrary. Plaintiff's vague citation to *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291 (11th Cir. 2015)—a case having nothing to do with the FDCPA's venue provision—does not disturb the foregoing analysis. Moreover, Plaintiff's argument that the "Notice to the Defendant" mandated by Florida's garnishment statute is a "separate legal action against the debtor" requires little analysis. It is not. Florida's notice procedure is akin to the Georgia claims process addressed in *Ray*, in that it contemplates some consumer involvement in the proceeding, but does not fundamentally change the nature of the proceeding. *See* 838 F.3d at 1111 ("Although the consumer 'may become a party to the garnishment by filing a claim with the clerk of court,' the process is fundamentally an action against the garnishee, not the consumer." (citation omitted) (quoting Ga. Code § 18–4–15(a))).

the FDCPA. Plaintiff invokes § 1692e(10) from the list, which prohibits: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

Count II asserts that Defendant violated 15 U.S.C. § 1692e(10) by "falsely represent[ing] that it provided the Plaintiff with certain filings at and notices [to] Ms. Beltran's 'last known address' while attempting to collect a debt." (Doc. 1, ¶ 30). In the papers Defendant filed in state court seeking a writ of garnishment, Defendant represented that Plaintiff's last known address was the Clermont Address. The Complaint alleges that Defendant knew Plaintiff lived instead at the Kissimmee Address by virtue of Plaintiff's second credit card agreement with Capital One.

Defendant moves to dismiss on the ground that it used the "last known address" associated with Plaintiff's defaulted account, and it otherwise was not on notice of the Kissimmee Address for several reasons. (Doc. 9, ¶¶ 8–9). Defendant avers that the Clermont Address was the only address associated with the defaulted account. (*Id.*). Moreover, Defendant maintains that the Kissimmee Address was only associated with the second Capital One credit card account, for which Plaintiff used a different name: Nilka A. Beltran *Rivera* (as opposed to the defaulted account, which was in the name of Nilka A. Beltran). (*Id.*). Plaintiff offers only a perfunctory rebuttal to Defendant's motion to dismiss Count II: "Defendant admits allegations that it was aware of the Plaintiff's 'last known address' at the time it mailed to the Plaintiff [the notice of garnishment papers] to a Lake County address that was on file at the time of final judgment in 2011." (Doc. 10, p. 3).[5]

---

[5] The Court notes this characterization of Defendant's Motion is inaccurate.

6

The Court doubts that the chain of events, as recounted by Defendant, would amount to a violation of 15 U.S.C. § 1692e(10). In the Court's view, it is highly implausible that Defendant would be on notice of Plaintiff's Kissimmee Address by virtue of Plaintiff opening a new Capital One credit card account under a different name using that address. However, at this stage, the Court is bound by the allegations of the Complaint, which lacks some of the salient facts proffered by Defendant (namely, the name and addresses associated with the defaulted account). The Complaint also conflicts with the facts proffered by Defendant, in that it alleges Plaintiff lived in Kissimmee, Florida, when she entered into the initial credit card agreement with Capital One. (Doc. 1, ¶ 11). At this stage, the Court is bound to accept the allegations of the Complaint as true. The motion to dismiss Count II is therefore due to be denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant RAS LaVRAR, LLC's Motion to Dismiss (Doc. 9) is **GRANTED IN PART** and **DENIED IN PART**.
    a. Count I of the Complaint is **DISMISSED WITH PREJUDICE**.
    b. The Motion is otherwise denied.
2. Defendant RAS LaVRAR, LLC shall answer the Complaint on or before July 23, 2018.

**DONE AND ORDERED** in Orlando, Florida on July 7, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties